Andres LUCAS and Archie Lisco, individually and as citizens of the State of Colorado, taxpayers, and electors therein, for themselves and for all other persons similarly situated, Appellants,

v.

The FORTY-FOURTH GENERAL ASSEMBLY OF the STATE OF COLORADO, John Love, as Governor of the State of Colorado, Homer Bedford, as Treasurer of the State of Colorado, and Byron Anderson, as Secretary of State of the State of Colorado, Appellees.

Civ. A. Nos. 7501 and 7637.

United States District Court
D. Colorado.

July 13, 1964.

Charles Ginsberg, George Louis Creamer, and Francis R. Salazar, Denver, Colo., for plaintiffs.

Duke W. Dunbar, Atty. Gen., and Richard Bangert, Asst. Atty. Gen., Denver, Colo., for defendants.

Richard S. Kitchen, James L. White, and Stephen H. Hart, Denver, Colo., for intervenors.

Before BREITENSTEIN, Circuit Judge, and ARRAJ and DOYLE, District Judges.

PER CURIAM.

The within and above captioned matter having come on to be heard before this Court, before Hon. Jean S. Breitenstein, Circuit Judge, United States Court of Appeals, Presiding, and Hon. Alfred A. Arraj, Chief Judge, United States District Court for the District of Colorado, and Hon. William E. Doyle, Judge, United States District Court for the District of Colorado, on the 8th day of July, 1964, and the parties and intervenors herein appearing by their several counsel of record and being fully represented, and the Amicus Curiae appearing personally herein; and all parties being properly before this Court; and the Court having examined the records in this proceeding and having heard statements of counsel and of the amicus curiae, and being fully advised in the premises; and the Court having made findings from the bench and having ordered the preparation of this Order, Judgment, and Decree, NOW, THEREFORE, The Court doth find as follows:

1. That an appeal has heretofore been taken in this matter to the Supreme Court of the United States, as ANDRES LUCAS et al., etc., v. THE FORTY-FOURTH GENERAL ASSEMBLY OF THE STATE OF COLORADO, et al., being No. 508, October Term, 1963.

2. That the Supreme Court of the United States has on June 15, 1964, 84 S.Ct. 1459, delivered an opinion in the said action, wherein it is stated as follows:

"Since the apportionment of seats in the Colorado Legislature, under the provisions of Amendment No. 7, fails to comport with the requirements of the Equal Protection Clause, the decision below must be reversed. Beyond what we said in our opinion in Reynolds, we express no view on questions relating to remedies at the present time. On remand, the District Court must now determine whether the imminence of the 1964 primary and general elections requires that utilization of the apportionment scheme contained in the constitutional amendment be permitted, for purposes of those elections, or whether the circumstances in Colorado are such that appellants' right to cast adequately weighted votes for members of the State Legislature can practicably be effectuated in 1964. Accordingly, we reverse the decision of the court below and

remand the case for further proceedings consistent with the views stated here and in our opinion in Reynolds v. Sims [84 S.Ct. 1362]."

3. That in pursuance of the said Opinion, judgment of the Supreme Court of the United States has entered, and has been transmitted to this Court, it being thereby specifically ordered and adjudged by the Supreme Court of the United States that the Judgment of the United States District Court be reversed with costs, and the cause be and is remanded to the United States District Court for the District of Colorado for further proceedings in conformity with the opinion of the Supreme Court of the United States.

4. That this Court pursuant to the said judgment has jurisdiction of this action.

5. That, following the transmittal of the said judgment to this Court, and in pursuance of the judgment and mandate of the Supreme Court of the United States, hearing was had before this Court on the 26th day of June, 1964, at Denver, Colorado, all of the parties hereto and the intervenors herein and the amicus curiae herein being represented by counsel and personally, respectively, and being heard.

6. That, at the hearings held on June 26, 1964, the Court announced the ruling that on the question of the severability of Amendment Number 7, Judge Doyle and Judge Breitenstein felt that Amendment Number 7 was not severable and hence failed in toto. Judge Arraj dissented from that ruling. At the same hearing, on the question whether or not Section 47 of Article V of the Colorado Constitution prohibited subdistricting, Judge Arraj and Judge Breitenstein concluded that it did not, and Judge Doyle disagreed with that decision. This Court unanimously found and determined that the imminence of the 1964 elections did not require the utilization of the apportionment scheme contained in the invalidated Amendment No. 7, and that the time available was sufficient for the State of Colorado to take action which would effectuate the decision of the Supreme Court of the United States, and the Court accordingly ordered that the matter be set over to 9:30 o'clock, A. M., July 15, 1964, for advice as to whether State action would be taken, holding that absent such action, this Court would carry out the duty which it has under the judgment and mandate of the Supreme Court of the United States and provide a method for election of the Colorado legislature in 1964.

7. That, following the hearings in this Court on June 26, 1964, the Governor of the State of Colorado called a Special Session of the General Assembly of the State of Colorado, and that Special Session of the General Assembly of the State of Colorado duly convened.

8. That this Court was advised heretofore that the General Assembly of Colorado had passed Senate Bill Number 1, the terms of which are hereinafter set forth as a part of this Order, Judgment, and Decree, and appear herein below, and that the said bill had been presented to the Governor for signature, with an indication that the Governor intended to sign the said bill.

9. That the attorneys for the Plaintiffs, the Defendants, and the Intervenors appear to agree that for purposes of the 1964 election, the apportionment and establishment of senatorial and representative districts for the General Assembly of Colorado made in said Senate Bill No. 1 comports with the requirements of the Fourteenth Amendment to the Constitution of the United States and the opinion, judgment, and mandate of the Supreme Court of the United States in the aforementioned LUCAS et al. v. 44th GENERAL ASSEMBLY, et al., and the Court has examined the said Senate Bill No. 1 and finds that for the purposes of the 1964 elections the apportionment and establishment of senatorial and representative districts for the General Assembly of Colorado made in the said Senate Bill No. 1 does comport with the requirements of the Fourteenth Amendment

to the Constitution of the United States and the opinion, judgment, and mandate of the Supreme Court of the United States as foresaid.

WHEREFORE, IN THE CONTEXT OF THE ABOVE FINDINGS, and of the case as it now stands, it is the opinion of this Court that for the purposes of the 1964 elections the apportionment made in the said Senate Bill Number 1, as set out hereinbelow, does not offend the Fourteenth Amendment to the Constitution of the United States and is adequate to comply with the mandate of the Supreme Court of the United States.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. That the 1964 primary and general elections for the General Assembly of the State of Colorado shall be conducted in the manner prescribed and in conformity with the aforesaid Senate Bill number 1, and in accordance with the apportionment, and establishment of senatorial and representative districts made therein, as follows, towit:

(The Order, Judgment and Decree here sets out verbatim Senate Bill No. 1.) and it is further ordered that the defendants shall conduct and are hereby ordered to conduct the primary and general elections for the said year 1964 for the election of the General Assembly of the State of Colorado in accordance with the provisions of the said Senate Bill and in the manner and in accordance with the apportionment and establishment of senatorial and representative districts therein made and above and foregoing.

2. That this Court will and does hereby retain jurisdiction of this action.

On Application for Temporary Restraining Order and Preliminary Injunction.

■ The court has considered the ex parte application for a temporary restraining order and preliminary injunction. By this application the court is asked to enjoin George J. White and John D. Macdonald, petitioners in original proceedings Nos. 21252, White v. Anderson, 394 P.2d 333 and 21373, Macdonald v. Love, 394 P.2d 345, in the Supreme Court of the State of Colorado, and to enjoin the members of the Supreme Court of the State of Colorado from proceeding with the hearing of actions Nos. 21252 and 21373. The reasons relied upon for the grant of the application are that this court has entered its order of July 13, 1964 relating to the conduct of primary and general elections in 1964 to elect members of the Colorado General Assembly. The applicants urge that the proceedings in the Colorado Supreme Court invade an area in which this court has taken and exercised jurisdiction.

In the certificate of remand of cases Nos. 7501 and 7637 the United States Supreme Court directed this court to provide for the apportionment of the Colorado General Assembly in accordance with the opinion of the Supreme Court of the United States. Pursuant to such remand the court has taken action and has entered a judgment covering the conduct of the 1964 elections for members of the Colorado General Assembly. That order is positive and speaks for itself. This court is of the opinion that it had full jurisdiction to enter that order and that its order complies with the opinion of the United States Supreme Court.

The ex parte application for a temporary restraining order and preliminary injunction is predicated on the theory that the Colorado Supreme Court will take some action contrary to this court. This court is unwilling to make such an assumption. In the circumstances the ex parte application for a temporary restraining order is denied.

The court retains full jurisdiction of this cause for any and all matters.